**MR. and Mrs. N.C., Plaintiffs–Appellants,**

v.

**BEDFORD CENTRAL SCHOOL DISTRICT, Defendant–Appellee.**

No. 07–1077–cv.

United States Court of Appeals, Second Circuit.

Nov. 12, 2008.

---

1. For the reasons set forth above, this claim cannot be asserted against OMH. *See Will,*

491 U.S. at 71, 109 S.Ct. 2304.

S. Jean Smith, New York, NY, for Plaintiffs–Appellants.

Neil M. Block, of counsel, Ingerman Smith LLP, Hauppauge, NY, for Defendant–Appellee.

PRESENT: Hon. WILFRED FEINBERG, Hon. WALKER, and Hon. DEBRA A. LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiffs–Appellants Mr. and Mrs. N.C. ("Plaintiffs" or "Parents") appeal from a judgment of the United States District Court for the Southern District of New York (Robinson, J.), entered on February 7, 2007, upholding two decisions by the state review officer concluding that Plaintiffs' son, M.C., did not have a "severe emotional disturbance" and thus was not a "child with a disability" entitled to a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"). 20 U.S.C. §§ 1401(3)(A), 1412(a)(1)(A). We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

To be designated as emotionally disturbed under New York regulations, and thus to qualify as a "child with a disability" on this basis for purposes of the IDEA, see id. § 1401(3)(A); 34 C.F.R. § 300.8(a)(1), a child must display one or more of the following five characteristics:

(i) an inability to learn that cannot be explained by intellectual, sensory, or health factors;

(ii) an inability to build or maintain satisfactory interpersonal relationships with peers and teachers;

(iii) inappropriate types of behavior or feelings under normal circumstances;

(iv) a generally pervasive mood of unhappiness or depression; or

(v) a tendency to develop physical symptoms or fears associated with personal or school problems.

N.Y. Comp.Codes R. & Regs. tit. 8, § 200.1(zz)(4); see also 34 C.F.R. § 300.8(c)(4). Moreover, the student must manifest the characteristic(s) "over a long period of time and to a marked degree that adversely affects a student's educational performance." N.Y. Comp.Codes R. & Regs. tit. 8, § 200.1(zz)(4). The Parents argue that M.C. should have been classified as emotionally disturbed due to his manifestation of characteristic (iii), "inappropriate types of behavior or feelings under normal circumstances," and characteristic (iv), "a generally pervasive mood of unhappiness or depression."[1] Id. § 200.1(zz)(4)(iii)–(iv).

---

1. With respect to characteristics (i), (ii), and (v) of emotional disturbance, see N.Y. Comp. Codes R. & Regs. tit. 8, § 200.1(zz)(4), for the reasons articulated by the district court we conclude that the Plaintiffs have not sufficiently demonstrated that M.C. suffered from these symptoms during the time periods in question.

With respect to M.C.'s possible display of "a generally pervasive mood of unhappiness or depression," we agree with the district court's conclusion that the evidence was insufficient to demonstrate the presence of this factor. *Id.* § 200.1(zz)(4)(iv). Though there were diagnoses both for and against finding M.C. depressed, the therapist who diagnosed major depression, single episode, only met with M.C. three times. In contrast, as the district court observed, the therapists who had the most familiarity with M.C.—William Reulbach and Scott Gillet—were the ones who found that he did not suffer from depression.[2]

Regarding the inappropriate behavior characteristic, we also agree with the district court's conclusion that M.C.'s inappropriate behavior falls short of qualifying him as emotionally disturbed. *See id.* § 200. 1(zz)(4)(iii). Dr. Reulbach saw M.C.'s drug use as the root of his problems in school. As the district court points out, this conclusion is "more consistent with social maladjustment than with emotional disturbance." *N.C. ex rel. M.C. v. Bedford Cent. Sch. Dist.,* 473 F.Supp.2d 532, 545 (S.D.N.Y.2007). Plaintiffs have not produced enough evidence of an "accompanying emotional disturbance beyond the bad conduct." *Id.* Therefore, we conclude that M.C. cannot qualify as emotionally disturbed based on the inappropriate behavior factor.

Even if M.C. did satisfy one or more of the five emotional disturbance characteristics, he still would not qualify as emotionally disturbed because there is insufficient evidence that M.C.'s educational performance was adversely affected by any such condition. *See* N.Y. Comp.Codes R. & Regs. tit. 8, § 200.1(zz)(4); *see also* 34 C.F.R. § 300.8(c)(4). M.C. did not fail any of his classes at Fox Lane High School ("Fox Lane"), the public school he attended in the Bedford Central School District ("Defendant" or "Bedford"). *Cf. Muller ex rel. Muller v. Comm. on Special Educ.,* 145 F.3d 95, 103 (2d Cir.1998) (addressing child who "failed multiple subjects in the seventh and eighth grades"); *New Paltz Cent. Sch. Dist. v. St. Pierre ex rel. M. S.,* 307 F.Supp.2d 394, 399 (N.D.N.Y.2004) (discussing student who "received three failing grades in the 9th grade"). From ninth grade to tenth grade, M.C.'s grade-point average ("GPA") declined only nine points. *Cf. New Paltz,* 307 F.Supp.2d at 399 n. 11 (observing a GPA decline of 18.26 points). And we cannot conclude on the basis of the record here that this decline was attributable to an emotional disturbance as opposed to M.C.'s acknowledged drug use.

Plaintiffs also argue that the Bedford Committee on Special Education ("CSE") committed procedural errors in evaluating M.C. that were significant enough to reverse the CSE's decision not to classify M.C. as emotionally disturbed. In cases reviewing individualized education programs ("IEPs") formulated pursuant to the IDEA, however, we have made clear that "[not] every procedural error in the development of an IEP renders that IEP legally inadequate under the IDEA." *Grim v. Rhinebeck Cent. Sch. Dist.,* 346 F.3d

---

2. M.C. was also diagnosed with dysthymic disorder by two mental health professionals—Charles Moss and Ivan Fras—while he was at the Family Foundation School. Plaintiffs have not shown that a diagnosis of dysthymic disorder in itself is enough to support the conclusion that a child satisfies the "generally pervasive mood of unhappiness or depres-

sion" factor. *Cf. Springer ex rel. Springer v. Fairfax County Sch. Bd.,* 134 F.3d 659, 666 (4th Cir.1998) (highlighting observation of school counselor that "in over twenty years of work with emotionally disturbed students she ha[d] never worked with a student who was classified as seriously emotionally disturbed based solely on a diagnosis of dysthymia").

377, 381 (2d Cir.2003). Such errors will not negate the adequacy of an IEP where the child's education has not been affected and the parents have not been deprived of meaningful participation in the process. *See Cerra v. Pawling Cent. Sch. Dist.,* 427 F.3d 186, 192 (2d Cir.2005); *Grim,* 346 F.3d at 381–82. This court has adopted a similar approach when evaluating procedural errors in a case assessing a student's eligibility for IDEA coverage. *See J.D. ex rel. J.D. v. Pawlet Sch. Dist.,* 224 F.3d 60, 68–70 (2d Cir.2000) (finding that procedural errors did not entitle plaintiff to relief because parties were given a meaningful opportunity to present evidence and because child was not wrongfully denied a FAPE).

■ Applying these standards to the present claim, we conclude that Plaintiffs have failed to demonstrate that the CSE's procedures caused them any prejudice. Plaintiffs contend that Defendant denied them access to M.C.'s school records, including testing relevant to M.C.'s classification under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. We do not agree. Even assuming that Plaintiffs were denied access to school records, moreover, they fail to sufficiently describe the prejudice they suffered as a result.

Plaintiffs raise two additional procedural complaints concerning the 2004–2005 proceedings. Contrary to Plaintiffs' claim, the letter from Dr. Ivan Fras, who treated M.C. after he left Fox Lane, was not ignored. Both the district court and the administrative officers reviewing M.C.'s case considered it. Moreover, Plaintiffs have not demonstrated any prejudice from the CSE's initial failure to reconvene in order to consider Dr. Fras's letter.

Similarly, Defendant's failure to conduct new evaluations of M.C. for the 2004–2005 school year was at best "harmless error." *See N.C.,* 473 F.Supp.2d at 549. Plaintiffs have not demonstrated how the lack of new evaluations prejudiced their attempts to show that M.C. was emotionally disturbed.

As Plaintiffs' substantive and procedural challenges fail to compel a different conclusion, we hold that the 2003–2004 and 2004–2005 administrative proceedings properly determined that M.C. did not qualify as emotionally disturbed and thus was not eligible for IDEA coverage. Therefore, we need not determine whether Family Foundation School was an appropriate placement or whether equitable considerations favor the parents. *See Sch. Comm. of Burlington, Mass. v. Dep't of Educ.,* 471 U.S. 359, 370, 374, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985); *Frank G. v. Bd. of Educ.,* 459 F.3d 356, 363–64 (2d Cir.2006). Nor need we address whether 20 U.S.C. § 1412(a)(10)(c) precludes Plaintiffs from receiving tuition reimbursement. Plaintiffs' remaining arguments are without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.